## WEISL v. JAMES.

(Supreme Court, Appellate Term.   December 22, 1909.)

1. CHATTEL MORTGAGES (§ 278*)—FORECLOSURE—EVIDENCE.
    Evidence in chattel mortgage foreclosure proceedings *held* insufficient to determine extent of plaintiff's claim.
    [Ed. Note.—For other cases, see Chattel Mortgages, Dec. Dig. § 278.*]

2. REFORMATION OF INSTRUMENTS (§ 2*)—GROUNDS FOR REFORMATION—CHATTEL MORTGAGE.
    If a chattel mortgage fails to express the intention of the parties, it should be reformed in some tribunal having jurisdiction to grant such relief before attempting to foreclose it.
    [Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 2, 3; Dec. Dig. § 2.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Leo B. Weisl against Morgan T. James.   Judgment for plaintiff, and defendant appeals.   Reversed, and new trial ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Monfried & Feinberg, for appellant.
Phillips & Samuels, for respondent.

GIEGERICH, J.   It is impossible to determine what the plaintiff's claim is in this case.   According to the mortgage sought to be foreclosed, the defendant was to pay the sum of $640.16 by paying $50 on the signing of the mortgage and the balance in installments of $3 on the 1st, 8th, 15th, and 22d of each month.   The schedule contained in the mortgage also shows what goods were covered by it.   In the affidavit on which the warrant of attachment was obtained, it is stated that the full amount of $640.16 was due the plaintiff on September 24, 1908, which was the date of the mortgage.   It also appears from the proceedings upon the trial that the plaintiff's claim was that all goods mentioned in the schedule had been delivered to the defendant.   On the margin of the mortgage are written certain provisions for the withdrawal by the defendant of so-called "additional" quantities of goods of specified values on paying specified sums down and additional installment payments.   The incomprehensible feature of the case is found in the fact that the amounts of such withdrawals so provided for aggregate exactly the sum of $640.14 mentioned in the mortgage, while the final installment payments called for by such provisions for additional withdrawals would amount to $15, instead of the $3 mentioned in the body of the mortgage.   The matter is still further confused by the fact that the plaintiff does not even now claim that installments at the rate of $15 should have been paid, but only at the rate of $6.   The meaning of the agreement is not made easier to ascertain by the fact that the plaintiff accepted installments for a considerable time at the rate of $3 without any claim that more was due.

If the mortgage as drawn fails to express the intention of the parties, it should be reformed in some tribunal having jurisdiction to grant

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

such relief. If it correctly expresses such intention, then clearer evidence should be presented to the court on which an intelligent conclusion can be reached.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.

GOFF, J., concurs.

LEHMAN, J. (concurring). It appears that on September 24, 1908, the defendant was indebted to the plaintiff in the sum of $640.16, and he thereupon gave the plaintiff a chattel mortgage for that amount upon certain furniture set forth in the mortgage. By the terms of the mortgage he was to pay $50 on the signing of the mortgage, and the balance in installments of $3 four times in each month. On the margin of the mortgage are written certain provisions for the withdrawal of the goods from the lien of the mortgage as follows:

"And this gives the right to withdraw $150 worth of goods. And upon an additional payment of $50 the right to withdraw an additional $150 worth of goods and payments to be increased to $6 per week. And upon an additional payment of $40 the right to withdraw an additional $100 worth of goods, and payments to be increased to $9 per week. And upon an additional payment of $30 the right to withdraw an additional $100 worth of goods, and payments to be increased to $12.30 per week. And upon an additional payment of $20 the right to withdraw an additional $140.16 worth of goods, and payments to be increased to $15 per week."

It is to be noted that these withdrawals aggregate exactly the sum of $640.16 mentioned in the mortgage, and it seems to me that the intention of the parties clearly was that the defendant was to have the right to withdraw all the goods upon the reduction of the debt by the payments on account and by increasing the weekly installments; i. e., that the plaintiff was willing to reduce his security in consideration of a reduction of the debt and a speedier payment of the remainder thereof.

It appeared at the trial that, when the mortgage was executed, the defendant immediately gave a receipt for part of the goods then in the apartment of a man named Boyd, and that he has received these goods, and, in addition, $150 worth of other goods. It is conceded that the defendant has paid only $50 upon the signing of the mortgage and installments of $3 per week, and the plaintiff claims that, having received more than $150 worth of goods, he was bound under the written terms of the mortgage to pay an additional sum of $50 and an additional installment of $3 per week. The defendant claims that the mortgage contemplated an immediate withdrawal of $150 worth of goods in addition to the so-called "Boyd" goods, and that he had a right under the mortgage to all the goods which he has received. The mortgage, however, does not show any such intent on its face; on the contrary, it specifically provides how the entire amount of $640.-16 worth of goods shall be withdrawn, and therefore includes the "Boyd" goods. Nevertheless I think that the trial justice erred in giving judgment for the plaintiff.

While the mortgage gives the defendant the right to withdraw goods upon additional payments, he does not agree to pay these additional

amounts upon the receipt of additional goods. The option rests entirely with him, and he could be held to this additional payment only upon his express promise to pay at the time of his withdrawal of the additional goods, or upon an implied promise, if he has received them under such circumstances, that his agreement to pay would be necessarily implied. In this case, however, there is no evidence of the terms upon which he has received them. The trial justice excluded the evidence of the terms of his receipt of the goods on the theory that it would vary the written instrument. I think this view is erroneous. It would simply show whether the receipt of the goods constituted a withdrawal within the meaning of the instrument. In view especially of the fact that no claim for additional payments was made for three months, the plaintiff has failed to show that there was any implied contract on the part of the defendant to make such additional payments.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.